CADY, Chief Justice
(concurring specially).
I concur in the result reached by the majority, but write separately to express a different analysis. The school district preserved error at trial on the issue that it now argues on appeal, but those arguments do not support a new trial.
We have realigned our analysis of negligence claims consistent with the Restatement (Third) of Torts: Liability for Physical and Emotional Harm. Thompson v. Kaczinski, 774 N.W.2d 829 (Iowa 2009). Now, we proceed with an analytical model that largely accepts the proposition that a defendant has a duty of reasonable care when acting in a way that creates a risk of physical harm, and the primary legal analysis of a tort claim turns to the other elements of negligence. Importantly, any challenge to the existence of the duty element is left for the court to decide based on policy arguments and countervailing principles that might exempt people from a duty. Id. at 834-35. Yet, the foreseeability of harm in a specific case is not considered in such an analysis. In other words, courts no longer use the lack of foreseeability of harm in a specific case to reject the imposition of a duty of care. Instead, the lack of foreseeability of harm is initially addressed by the jury under the determination of the breach element of the tort. If harm was not reasonably foreseeable, no breach of duty can occur.
Additionally, the concept of foreseeability is injected into the tort analysis when considering the element of causation. However, we adopted new labels to address the traditional factual cause and proximate or legal cause concepts of the causation element. Now, causation is addressed under the rubric of factual cause and scope of liability. Factual cause follows the substantial-factor test, and scope of liability serves to limit the liability of a defendant to physical harm that resulted from the risks that made the conduct negligent in the first place. Id. at 837-38. This was the same type of analysis accomplished by our former proximate-causation analysis. Thus, the concept of foreseeability continues to play an important role in the analysis and excludes liability under the causation element when the risk of harm was not foreseeable at the time of the defendant’s conduct. Id. at 839.
The argument by the school district that it could not be liable because the harm occurred after school and outside school property is a duty argument. It asks the court to draw a line where its duty ends. This was the argument made at trial and on appeal by the school district. Additionally, the argument that the incident was not foreseeable is both a claim of no breach of duty and a claim that any breach did not cause the harm. The school argued the incident was beyond the scope of liability and touched on the idea that the particulars of negligence were not a substantial factor in producing the harm.
There is no question about the competing arguments made by the parties in this case. The parties presented their arguments, and the trial court had the responsibility to plug those arguments into the proper legal analysis to determine their *705 merits. Consequently, error was preserved.
Notwithstanding, the school district only challenged, at trial and on appeal, the existence of a duty to protect students from harm after school hours and after students leave the school grounds (or are no longer engaged in an after-school activity). Yet, the challenge did not target the more specific legal duty claimed by the plaintiff that the school should have notified her that her daughter left school early, among other specific propositions. Thus, this specific duty became the law of the case and permitted the jury to properly consider whether the duty was breached and caused harm.
I agree a school normally is not responsible for harm to students that occurs after school hours and after the students have left the school property. Once these circumstances exist, the school has relinquished control of the student back to the parents or guardians. Importantly, the rule can be expressed as a general guide because negligent conduct normally occurs close in time to the resulting harm. Thus, once students have left school for the day, any negligence of the school is normally no longer actionable. Yet, when negligent conduct continues to expose students to physical harm after school, the general guide of no liability does not apply. The breach of the duty to notify can create a risk of harm that does not end with the end of the school day.
If a high school has a legal duty to notify parents when a child skips out of school, the school can be responsible for the type of harm that occurred in this case because notice is what alerts parents that the school is no longer in control of the student and informs parents they need to resume supervision. The lack of notice deprives parents of the opportunity to resume supervision before harm occurs. Furthermore, in this case, there was evidence the plaintiff did promptly attempt to regain supervision when she learned her child was missing. This evidence impacts the analysis of causation because it reveals the plaintiff may have acted to prevent the harm if notified by the school.
The school principal did testify that parental notification when a student skips the last hour of school would be difficult and impractical for a high school to do. Yet, for the purposes of the case, the school had a duty to notify under the law of the case, and this testimony accordingly only went to the question of whether the duty was breached. The jury was free to reject the testimony. The elements of breach and causation are fact intensive, and the jury was permitted to reach the verdict it returned.
While the school district properly argued for a legal rule that would limit its liability once school ends, that rule would not necessarily exclude liability for any negligence before the end of the school day that continued to present a risk of harm after school. Because the district court was not presented with the opportunity to determine if a high school has a specific duty to notify parents when a student skips the last hour of school, I concur in the result reached by the majority.